UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA GONZALEZ,

      Plaintiff,

v.

      Case No. _____

      Hon. _____

WALMART INC. and
WAL-MART STORES EAST, LP,

      Defendants.

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Maria Gonzalez, by and through her attorneys, Carla D. Aikens, PLC, for her Complaint against Defendants Walmart Inc. and Wal-Mart Stores East, LP, states as follows:

## JURY DEMAND

1. Plaintiff demands a trial by jury on all issues so triable.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Maria Gonzalez is an individual and citizen of the State of Michigan.

3. Defendant Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

4. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership. Upon information and belief, for purposes of diversity jurisdiction, Wal-Mart Stores East, LP is a citizen of Delaware and Arkansas and is not a citizen of Michigan.

5. Defendants own, operate, control, manage, supervise, or are otherwise responsible for the Walmart Supercenter located at 4313 Corunna Road, Flint, Michigan 48532.

1

6. At all relevant times, the Walmart employee who struck Plaintiff with a pallet jack was acting as an employee, agent, servant, representative, or worker of Defendants.

7. At all relevant times, the Walmart employee who struck Plaintiff with a pallet jack was acting within the course and scope of employment, agency, or authority for Defendants.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in this District, Defendants conduct business in this District, and the Walmart store where the incident occurred is located in this District.

10. This Court has personal jurisdiction over Defendants because Defendants conduct continuous business in Michigan and because the incident giving rise to this lawsuit occurred at Defendants' Flint, Michigan Walmart store.

## GENERAL ALLEGATIONS

11. On or about July 23, 2023, at approximately 3:32 p.m., Plaintiff Maria Gonzalez was lawfully present as a business invitee at the Walmart Supercenter located at 4313 Corunna Road, Flint, Michigan 48532.

12. Plaintiff was shopping inside the store with her daughter.

13. Plaintiff was in or near the frozen meat section of the store.

14. While Plaintiff was shopping, a Walmart employee was operating, moving, pushing, pulling, controlling, or otherwise using a pallet jack in the customer shopping area.

15. Suddenly and without warning, the Walmart employee crashed the pallet jack into Plaintiff.

16. The impact knocked Plaintiff to the floor.

17. Plaintiff briefly lost consciousness.

18. Plaintiff's daughter called family members for help.

19. Paramedics responded and tended to Plaintiff.

20. After Plaintiff regained consciousness, the Walmart employee who struck her was no longer present.

21. A Walmart manager took Plaintiff's information with the assistance of a translator by telephone.

22. Plaintiff is informed and believes that Walmart has video footage of the incident.

23. Plaintiff is informed and believes that Walmart had actual notice of the incident because its manager responded, obtained Plaintiff's information, and used a translator to communicate with Plaintiff.

24. Plaintiff did not cause or contribute to the pallet jack striking her.

25. Plaintiff was not operating the pallet jack.

26. Plaintiff did not control the pallet jack.

27. Plaintiff had no warning that the Walmart employee would strike her with the pallet jack.

28. Plaintiff believes the Walmart employee may not have seen her before striking her.

29. The pallet jack was under the control of Walmart and its employee.

30. Walmart employees owed customers, including Plaintiff, a duty to operate pallet jacks, carts, stocking equipment, merchandise-moving equipment, and other store equipment in a reasonably safe manner.

31. Walmart employees owed customers, including Plaintiff, a duty to keep a proper lookout while operating or moving equipment in customer areas.

32. Walmart employees owed customers, including Plaintiff, a duty to avoid striking customers with store equipment.

33. Walmart owed Plaintiff a duty to maintain its premises in a reasonably safe condition for customers.

34. Walmart owed Plaintiff a duty to use reasonable care in hiring, training, supervising, and retaining employees who operate equipment in areas where customers are present.

35. Walmart owed Plaintiff a duty to implement and enforce reasonable safety rules for pallet jack use in customer areas.

36. Walmart owed Plaintiff a duty to supervise employees who used pallet jacks and similar equipment around customers.

37. Walmart knew or should have known that pallet jacks and similar equipment can cause serious injury when used carelessly around customers.

38. Walmart knew or should have known that customers shopping inside the store may not expect or observe a pallet jack approaching them from behind, from the side, or from another blind angle.

39. Walmart knew or should have known that its employees must use heightened care when moving heavy equipment in customer shopping areas.

40. After the incident, Walmart contacted Plaintiff by telephone.

41. Plaintiff informed Walmart that she had counsel and would not speak with Walmart directly.

42. After Plaintiff informed Walmart that she had counsel, Walmart stopped contacting her.

43. Plaintiff is informed and believes that Walmart did not provide her with a written incident report.

44. Plaintiff is informed and believes that Walmart has possession, custody, or control of documents, video footage, incident reports, employee statements, photographs, safety policies, pallet jack training materials, and other evidence relating to this incident.

45. Plaintiff was transported to McLaren Flint Emergency Department, located at 401 S. Ballenger Highway, Flint, Michigan 48532.

46. Plaintiff received emergency medical evaluation and treatment.

47. Plaintiff received x-rays, scans, or other diagnostic testing.

48. Plaintiff suffered injuries including, but not limited to, swollen feet, hands, ankles, and shoulders.

49. Plaintiff suffered visible bruising.

50. Plaintiff suffered pain in her feet, ankles, hands, shoulders, legs, thighs, back, neck, arms, and other parts of her body.

51. Plaintiff also treated at Insight Neuro-Chiropractic Center, located at 4400 Saginaw Street, Flint, Michigan 48507.

52. Plaintiff treated at Insight Neuro-Chiropractic Center approximately three times.

53. Plaintiff experienced communication issues with continued treatment because of a language barrier and the need for an interpreter.

54. Plaintiff continued to experience bruising, swelling, and pain in her feet, ankles, hands, and shoulders after the incident.

55. At the time of the incident, Plaintiff had recently started working at a factory.

56. Plaintiff had been working at the factory for approximately one week when this incident occurred.

57. After the incident, Plaintiff attempted to work but could only work approximately one and a half hours before she had to leave because her hands became swollen.

58. Plaintiff suffered wage loss, loss of earning capacity, and employment-related damages.

59. Plaintiff has incurred medical expenses.

60. Plaintiff has suffered pain and suffering, inconvenience, physical impairment, emotional distress, loss of normal life activities, and other damages.

61. Plaintiff's damages are continuing.

**COUNT I**
**NEGLIGENCE**

62. Plaintiff incorporates by reference the allegations above as though fully set forth herein.

63. Defendants owed Plaintiff duties of reasonable care, including the duty to operate, move, control, and supervise pallet jacks and store equipment in a reasonably safe manner.

64. Defendants owed Plaintiff a duty to keep a proper lookout for customers in the store.

65. Defendants owed Plaintiff a duty to avoid striking customers with pallet jacks and other store equipment.

66. Defendants owed Plaintiff a duty to provide adequate training, instruction, supervision, and safety rules for employees using pallet jacks and similar equipment.

67. Defendants breached their duties by one or more of the following acts or omissions:

   a. Crashing a pallet jack into Plaintiff;

   b. Knocking Plaintiff to the floor;

   c. Causing Plaintiff to lose consciousness;

   d. Failing to keep a proper lookout for customers in the frozen meat section;

   e. Failing to maintain proper control of the pallet jack;

f.   Operating or moving the pallet jack too close to Plaintiff;

g.   Operating or moving the pallet jack in a customer shopping area without adequate warning;

h.   Failing to yield to a customer;

i.   Failing to ensure that the path of travel was clear before moving the pallet jack;

j.   Failing to use reasonable care while moving heavy equipment in a customer shopping area;

k.   Failing to properly train employees on pallet jack use;

l.   Failing to properly supervise employees using pallet jacks;

m.   Failing to maintain reasonable safety policies for equipment use in customer areas;

n.   Failing to enforce safety policies for equipment use in customer areas;

o.   Failing to preserve the employee and witness information after the incident;

p.   Failing to preserve and produce an incident report to Plaintiff;

q.   Failing to prevent foreseeable harm to customers; and

r.   Otherwise failing to exercise reasonable care under the circumstances.

68. Defendants' negligence was a direct and proximate cause of Plaintiff's injuries and damages.

69. As a result of Defendants' negligence, Plaintiff suffered injuries including, but not limited to, loss of consciousness, bruising, swelling, pain, and injuries to her feet, ankles, hands, shoulders, legs, thighs, back, neck, arms, and other parts of her body.

70. Plaintiff has suffered damages including medical expenses, pain and suffering, physical impairment, emotional distress, loss of normal life activities, wage loss, loss of earning capacity, inconvenience, and other damages recoverable under Michigan law.

WHEREFORE, Plaintiff Maria Gonzalez respectfully requests judgment against Defendants in an amount exceeding $75,000.00, together with costs, interest, attorney fees where allowed, and all other relief this Court deems just and proper.

## COUNT II
## PREMISES LIABILITY

71. Plaintiff incorporates by reference the allegations above as though fully set forth herein.

72. Plaintiff was a business invitee at Walmart.

73. Defendants owed Plaintiff a duty to exercise reasonable care to protect her from unreasonable risks of harm on the premises.

74. Defendants owed Plaintiff a duty to maintain the store in a reasonably safe condition for customers.

75. Defendants owed Plaintiff a duty to inspect, monitor, and control store operations, including the use of pallet jacks and merchandise-moving equipment in areas where customers were shopping.

76. Defendants owed Plaintiff a duty to protect her from unreasonable risks created by Walmart employees, Walmart equipment, Walmart stocking activities, Walmart merchandise movement, and Walmart store operations.

77. Defendants breached their duties by allowing a pallet jack to be operated or moved in a manner that created an unreasonable risk of harm to customers, including Plaintiff.

78. Defendants breached their duties by failing to reasonably control, supervise, or restrict pallet jack use in customer shopping areas.

79. Defendants breached their duties by failing to warn Plaintiff of the hazard created by the pallet jack.

8

80. Defendants breached their duties by failing to maintain customer shopping areas in a reasonably safe condition while employees moved equipment through or near those areas.

81. Defendants knew or should have known that pallet jack use around customers created a foreseeable risk of harm if not carefully controlled.

82. Defendants' breach of duty was a direct and proximate cause of Plaintiff's injuries and damages.

83. As a result, Plaintiff suffered injuries, medical expenses, pain and suffering, emotional distress, physical impairment, wage loss, loss of earning capacity, and other damages.

WHEREFORE, Plaintiff Maria Gonzalez respectfully requests judgment against Defendants in an amount exceeding $75,000.00, together with costs, interest, attorney fees where allowed, and all other relief this Court deems just and proper.

## COUNT III
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

84. Plaintiff incorporates by reference the allegations above as though fully set forth herein.

85. Defendants had a duty to use reasonable care in hiring, training, supervising, and retaining employees who operate pallet jacks and other equipment in customer areas.

86. Defendants had a duty to ensure that employees using pallet jacks were competent, properly trained, properly supervised, and able to safely use such equipment around customers.

87. Defendants had a duty to implement, maintain, and enforce reasonable policies governing pallet jack use, customer safety, equipment movement, warning practices, and employee conduct in customer areas.

88. Defendants breached these duties by failing to properly hire, train, supervise, and retain employees who operated pallet jacks and other equipment around customers.

89. Defendants breached these duties by failing to ensure that employees understood and followed reasonable safety practices when moving pallet jacks through customer shopping areas.

90. Defendants breached these duties by failing to prevent employees from operating or moving pallet jacks in a manner that endangered customers.

91. Defendants' negligent hiring, training, supervision, and retention was a direct and proximate cause of Plaintiff being struck by a pallet jack.

92. As a result, Plaintiff suffered injuries, medical expenses, pain and suffering, emotional distress, physical impairment, wage loss, loss of earning capacity, and other damages.

WHEREFORE, Plaintiff Maria Gonzalez respectfully requests judgment against Defendants in an amount exceeding $75,000.00, together with costs, interest, attorney fees where allowed, and all other relief this Court deems just and proper.

## COUNT IV
## RESPONDEAT SUPERIOR / VICARIOUS LIABILITY

93. Plaintiff incorporates by reference the allegations above as though fully set forth herein.

94. At all relevant times, the Walmart employee who struck Plaintiff was acting as an employee, agent, servant, representative, or worker of Defendants.

95. At all relevant times, the Walmart employee was acting within the course and scope of employment, agency, or authority.

96. The Walmart employee was using, moving, operating, controlling, or handling a pallet jack as part of Walmart's business operations.

97. The Walmart employee's negligent conduct occurred while performing work for Walmart and for Walmart's benefit.

98. Defendants are vicariously liable for the negligent acts and omissions of their employee.

99. The Walmart employee's negligence was a direct and proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff Maria Gonzalez respectfully requests judgment against Defendants in an amount exceeding $75,000.00, together with costs, interest, attorney fees where allowed, and all other relief this Court deems just and proper.

## REQUEST FOR RELIEF

Plaintiff Maria Gonzalez respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

1. Award damages in an amount exceeding $75,000.00, exclusive of interest and costs;

2. Award all recoverable economic damages, including medical expenses, wage loss, loss of earning capacity, replacement services, and other out-of-pocket losses;

3. Award all recoverable non-economic damages, including pain and suffering, emotional distress, physical impairment, inconvenience, and loss of enjoyment of life;

4. Award taxable costs, interest, and attorney fees where allowed by law;

5. Award pre-judgment and post-judgment interest as allowed by law; and

6. Award any other relief this Court deems just and proper.

Respectfully submitted,

CARLA D. AIKENS, P.L.C.

Dated: May 6, 2026

By: */s/ Carla D. Aikens*
Carla D. Aikens (P69530)
615 Griswold St., Suite 709
Detroit, MI 48226

11

Phone: (844) 835-2993
carla@aikenslawfirm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on May 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notice of filing to all counsel of record. To the extent any party is not a registered ECF user, service will be completed in accordance with the Federal Rules of Civil Procedure.

By: */s/ Katarzyna Nowicki*